■ COUNTRY KENNEL, INC., Respondent, v SHEILA BOOTH, Appellant.—In an action, *inter alia,* to recover damages for breach of an employment agreement, the defendant appeals from an order of the Supreme Court, Orange County (Patsalos, J.), dated November 16, 1987, which granted the plaintiff's motion to compel the defendant, *inter alia,* to (1) remove herself and deliver possession of the subject premises located at Route 211 in Middletown, (2) transfer title in a certain Volvo automobile and deliver possession thereof, (3) reregister and deliver possession of a certain German Shepherd dog named "Espe", and (4) deliver all books, records, bills, etc., of the plaintiff's business.

Ordered that the order is modified to provide that the plaintiff's motion is deemed to be a motion for preliminary injunctive relief, and the relief granted in the order is granted preliminarily pending the outcome of the trial; as so modified, the order is affirmed, without costs or disbursements, and the matter is remitted to the Supreme Court, Orange County, for a determination of the bond to be posted by the plaintiff.

As set forth in an affidavit submitted by Raymond Carlisle, president and sole shareholder of the plaintiff Country Kennel, Inc., the defendant and Country Kennel, Inc. entered into an employment agreement pursuant to which the defendant—a well-known dog trainer—was to manage and operate a dog kennel. The contract, which uniformly describes the defendant as an employee, provided, *inter alia,* that the plaintiff could discharge the defendant in the event the business failed to "break even" during its first year of operation and further provided that the defendant and the plaintiff were to share equally in the kennel's profits, if any.

Thereafter, Carlisle apparently became dissatisfied with the respondent's performance. In his affidavit in support of the motion at bar, Carlisle alleged, *inter alia,* (1) that the defendant had failed to devote "her full time and attention" to the

kennel as required by the contract, instead devoting her energies to training and displaying a show dog owned by the kennel which she refused to return, (2) that she had purchased a Volvo automobile with the plaintiff's funds for company business and impermissibly registered the vehicle in her own name as owner, declining to surrender it, and (3) that she refused to vacate the kennel premises and surrender certain business records, despite being requested to do so. The plaintiff underscored the urgency of its request for immediate relief by arguing that the defendant's failure to properly manage the business and her refusal to vacate the premises was causing irreparable injury to, and interfering with, the kennel's ability to function as a business.

In opposition to the plaintiff's motion, the defendant submitted only a memorandum of law, which failed to address the factual allegations of wrongdoing set forth by the plaintiff and which merely asserted that, despite the absence of any such a provision in the employment contract, the parties intended that she be a partner in the business, not an employee.

The Supreme Court granted the plaintiff's motion. We affirm.

Although the supporting documents annexed to the plaintiff's motion contained a series of factual allegations detailing the defendant's alleged refusal to vacate the premises and the damage sustained by the business in light of her failure to properly manage it, the defendant's response consisted only of a memorandum of law which utterly failed to address or dispute the assertions made by the plaintiff. Under the circumstances, and considering the unrebutted assertions of wrongdoing and alleged imminent and irreparable injury to the kennel's ability to function as a business, it cannot be said that the court improvidently exercised its discretion in granting the plaintiff's application. Moreover—and contrary to the defendant's contentions—the Supreme Court did not render a substantive evaluation of the defendant's assertions regarding her alleged status as a partner in the kennel. Rather, the court merely ordered, *inter alia,* that possession of certain items of personalty and real property was to be restored to the plaintiff pending resolution of the remaining issues in the case, including those raised by the defendant.

We note that the Supreme Court was not empowered to grant the plaintiff the relief it did on an interim motion. The Supreme Court should have deemed the motion to have been one for a preliminary injunction. Moreover, prior to the granting of a preliminary injunction, the plaintiff "shall give

an undertaking in an amount to be fixed by the court" (CPLR 6312 [b]). Upon remittal the Supreme Court is to fix the amount of the undertaking to be posted by the plaintiff. Eiber, J. P., Kooper, Sullivan and Harwood, JJ., concur.